UNITED STATES OF AMERICA
IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MICHIGAN, SOUTHERN DIVISION

* * * * *

UNITED STATES OF AMERICA,

       Plaintiff,

v

JAMEEL MCGEE,

       Defendant.

Case #1:06-CR-39

Hon. Robert Holmes Bell

| Brian P. Lennon | John M. Karafa (P36007) |
|---|---|
| UNITED STATES ATTORNEY'S OFFICE | MCNEIL KARAFA BATY & SAUNDERS |
| Attorneys for Plaintiff | Attorney for Defendant |
| P.O. Box 208 | P.O. Box 185 |
| Grand Rapids, MI  49503 | Grand Haven, MI  49417-0185 |
| (616) 456-2404 | (616) 847-1000 |

## DEFENDANT'S DEMAND FOR DISCOVERY INFORMATION FROM THE UNITED STATES GOVERNMENT

**NOW COMES** Defendant, Jameel McGee, by his counsel, John M. Karafa, and demands from the United States District Attorney the following items, all items described in the court's March 1, 2006, Order governing this cause, and any and all other information to which Defendant is entitled in the interests of justice and the protection of his rights to due process under law, if not heretofore provided:

    (1)    Any written or recorded statements made by the defendant during the course of the Government's investigation into the case leading to the pending charges.

    (2)    The Defendant's Arrest and Conviction Record.

    (3)    Results or reports of physical or mental examinations, and of scientific tests, including,

without limitation, any handwriting analysis or experiments conducted by or on behalf of the Government, whether or not intended for use by the Government as evidence in chief at trial.

(4) Further, Defendant requests that the Government provide copies of the following items, or notify defense counsel of the existence of the following items for purposes of copying:

    (a) The substance of any oral statement made by Defendant before or after his arrest in response to interrogation by any Government agent;

    (b) Any recorded grand jury testimony of Defendant relating to the offenses charged;

    (c) Any books, papers, documents, photographs, tangible objects, buildings or places which the Government intends to use as evidence at trial to prove its case in chief, or that were obtained from or belonged to any defendant charged in this cause.

    (d) Each and every investigating agent's rough notes (i.e. field notes, etc.) however recorded or maintained. See *United States v Clark*, ___F.3d___, No. 03-5431 (6th Cir., September 23, 2004).

(5) Further, Defendant requests that the Government reveal to defense counsel by providing the information directly, or copies thereof, or otherwise informing of the information available for purposes of inspection and copying by defense counsel, any and all information and material known to the Government favorable to the Defendant on the issues of guilt or punishment within the scope of *Brady v Maryland*, 373 US 83 (1963), and *United States v Agurs*, 427 US 97 (1976).

(6) Further, Defendant requests that the Government obtain and copy any and all impeachment information relating to Government witnesses, including any prior criminal record of any alleged informant, who will testify for the Government at trial, in a timely fashion such that the documents are available for effective use at the time of trial.

(7)    Further, Defendant requests that the Government advise promptly whether it intends to employ Rule 404(b) evidence under the authority of Rule 12(d)(2) of the Federal Rules of Criminal Procedure at the time of trial, in a timely fashion to provide defense with the opportunity to evaluate and rebut such evidence, though Defendant further notes his reliance on the Government's statements at the pretrial conference on March 1, 2006, in this matter.

(8)    Further, Defendant requests that the Government advise of any electronic surveillance conducted in connection with the investigation of the charges pending in this cause, informing defense of the circumstances thereof, pursuant to 18 USC §2510(11).

(9)    Further, Defendant requests that the Government provide defense counsel, for purposes of evaluating the need for independent expert examination, copies of all latent fingerprints or palm prints which have been identified by a Government expert, or any other physical objects, tangible evidence, or any other materials from which identification evidence has been obtained by the Government's consultation with or through expert examinations.

(10)    Further, Defendant hereby makes his requests that the Government disclose all materials and information and take all action, to which Defendant is entitled, as set forth in the Discovery Order entered by the court in this action, to the extent such materials, information, and/or action is not specifically otherwise referenced in this discovery demand presented on behalf of defendant.

Respectfully submitted,
MCNEIL KARAFA BATY & SAUNDERS, LLP

Dated: March 7, 2005

/s/John M. Karafa
John M. Karafa (P36007)
Attorney for Defendant
700 Washington, Suite 200
Grand Haven, MI  49417
(616) 847-1000