UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

                                  File No. 1:06-CR-39

v.

                                  HON. ROBERT HOLMES BELL

JAMEEL McGEE,

        Defendant.
                                    /

## **O P I N I O N**

      This matter is before the Court on Defendant's motion for a judgment of acquittal pursuant to Rule 29 of the Federal Rules of Criminal Procedure. On April 25, 2006 a jury returned a guilty verdict against Defendant on a single count of possession with intent to distribute at least 5 grams, but less than 50 grams, of crack cocaine.

      A motion for judgment of acquittal is "a challenge to the sufficiency of the evidence." *United States v. King*, 169 F.3d 1035, 1038 (6th Cir. 1999) (quoting *United States v. Jones*, 102 F.3d 804, 807 (6th Cir. 1996)). The Court must view the evidence and all reasonable inferences therefrom in the light most favorable to the Government. *United States v. Crossley*, 224 F.3d 847, 855 (6th Cir. 2000) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). Consequently, a defendant claiming insufficiency of the evidence must overcome a heavy burden. *United States v. Davis*, 397 F.3d 340, 344 (6th Cir. 2005). A defendant's convictions must be upheld if "any rational trier of fact could have found the elements of the

crime beyond a reasonable doubt." *Id.* (quoting *United States v. Ware*, 282 F.3d 902, 905 (6th Cir. 2002).

Defendant has made little effort to satisfy the heavy burden faced on this motion. Aside from quoting Rule 29, naming the government's witnesses, listing the principal trial issues, and making the conclusory statement "Defendant submits that the entirety of the evidence at trial fails to sustain the jury verdict of guilty on the charge, and moves for judgment of acquittal," Defendant has not done anything to support his motion. As such, the Court can only guess at what Defendant perceives to be the insufficiencies in the trial record. On this basis alone, Defendant's motion should be denied.

Nevertheless, a cursory review of the record reveals that Defendant's motion is wholly without merit. Defendant was convicted of possession with intent to distribute crack cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(iii). The elements of this crime are: (1) the defendant knowingly, (2) possessed crack cocaine, (3) with intent to distribute. *United States v. Coffee*, 434 F.3d 887, 897 (6th Cir. 2006). The jury heard the testimony of two police officers, Andrew Collins of the Benton Harbor Police Department and Roger Lange of the Berrien County Sheriff's Department. Officer Collins testified that on February 8, 2006, he was working with a confidential informant on a controlled drug purchase. Collins explained that the informant contacted several drug sources via a two-way Nextel "walkie-talkie" cellular telephone. This type of cellular phone call allowed Officer Collins to hear both the informant's voice and the voice on the other end of the line. On the second call, the

informant contacted "Zookie." Collins testified that he knew Zookie was Defendant from previous incidents. At Collins direction, the informant asked Defendant for an "O," (ounce). Collins explained that Zookie agreed to sell the informant "a rock" for $800. The informant and Zookie agreed to meet at a certain liquor store in Benton Harbor.

Collins then testified that he drove the short distance from the police station to the liquor store. Collins did not see anyone at the store, so he returned to the police station. Collins then overheard another conversation between the informant and Zookie in which Zookie said, "I'm here at the store – come now." Collins testified that he returned to the store and observed a Dodge Durango with two occupants. Defendant was in the passenger seat of the truck. Collins and another officer surrounded the truck and instructed the occupants to get their hands up. Collins explained that he observed Defendant move toward the center console, then straighten up and raise his hands. After removing both Defendant and the driver from the truck, Officer Collins searched the vehicle, discovering, in the center console, a plastic baggie containing a substance that appeared to be crack cocaine.[1] The crack cocaine was separated into individual rocks. While Collins was apprehending Defendant he heard an incoming call on Defendant's cellular phone. Officer Collins explained that he recognized the voice on the incoming call as that of the informant. Collins confiscated Defendant's phone and noticed that Defendant's recent call list included calls from the informant's

---

[1] The parties stipulated that the substance seized included 24 grams of crack cocaine. This stipulation was read to the jury.

number. Collins also explained that the name "Zookie" was in the "my info" portion of Defendant's phone.

The jury also heard testimony from Lieutenant Roger Lange. Lange testified that he transported Defendant from the Berrien County Jail to the United States Marshal's office in Grand Rapids. While in transit, Lange read Defendant his *Miranda* rights and Defendant agreed to waive his rights and discuss the drug transaction. Lange testified that Defendant explained that the crack cocaine belonged to the driver of the truck, Reginald Williams. Defendant further explained that he accompanied Williams because he needed to get groceries. Lange also testified that Defendant explained that on the way to the store he looked at and handled the bag of crack cocaine before returning it to the center console. Defendant also explained that he spoke with the informant because Williams was paralyzed and could not simultaneously drive and talk on the cell phone. Defendant did not testify and did not present any other evidence at trial.

Based upon this record, there was ample evidence from which the jury could find the essential elements of the crime of possession with intent to distribute crack cocaine. Possession may be either actual or constructive. *United States v. Welch*, 97 F.3d 142, 150 (6th Cir. 1996). In this case, a reasonable jury could conclude that Defendant possessed the crack cocaine. Collins testified that when the informant arranged the drug sale, Defendant said that he had an ounce of crack cocaine available. Collins also testified that when he initially stopped Defendant, he observed Defendant reaching into the center console of the

4

truck, where the crack cocaine was subsequently discovered.  Moreover, the requisite intent to distribute was established both by evidence that Defendant arranged the transaction with the informant for a specific time and place where Defendant later appeared, possessing the agreed upon drug quantity, as well as the quantity and packaging of the drugs.  *Coffee*, 434 F.3d at 897 (holding that intent to distribute controlled substance was established by evidence that defendant sold crack cocaine to informant during a controlled buy, the quantity and packaging of the drugs, and the presence of other drug paraphernalia); *United States v. White*, 932 F.2d 588, 590 (6th Cir. 1991) (holding that intent to distribute may be inferred from the possession of a large quantity of a drug alone).

Furthermore, the jury was also instructed on "aiding and abetting" liability under 18 U.S.C. § 2 and could have reasonably concluded, based upon Lieutenant Lange's testimony, that Defendant was guilty of aiding and abetting Williams in the crime of possession with intent to distribute the crack cocaine.  *United States v. Ward*, 190 F.3d 483 (6th Cir. 1999) (holding that in order to prove a defendant aided and abetted a crime, the government must establish that defendant "participated in the venture as something [he/she] wished to bring about and sought to make succeed.").  Federal law provides that an aider and abettor is punishable as a principal.  18 U.S.C. § 2.  Accordingly, there was sufficient evidence to support a conviction for possession with intent to distribute crack cocaine under an alternative "aiding and abetting" theory of liability.

Consequently, Defendant's motion for a judgment of acquittal is denied.

Date:     May 9, 2006              /s/ Robert Holmes Bell
                                   ROBERT HOLMES BELL
                                   CHIEF UNITED STATES DISTRICT JUDGE