UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JAMEEL MCGEE,

    Defendant.
_____/

No. 1:06-CR-39

Hon. ROBERT HOLMES BELL
United States District Judge

**"EXPEDITED CONSIDERATION REQUESTED"**

## JOINT MOTION FOR NEW TRIAL AND, IF GRANTED, UNOPPOSED MOTION TO DISMISS INDICTMENT, SUPPORTING BRIEF, AND PROPOSED ORDER

The United States of America, by and through its attorney's Donald A. Davis, United States Attorney for the Western District of Michigan, and Brian P. Lennon, Assistant United States Attorney, and the Defendant, Jameel McGee, through his attorney of record, John M. Karafa, hereby jointly move for a new trial in the above-captioned case. This Joint Motion for New Trial is made pursuant to Rule 33 of the Federal Rules of Criminal Procedure based on newly discovered evidence that the primary investigator in the case, former Benton Harbor Police Department (BHPD) Officer Andrew Collins, subsequently pled guilty in federal court to a felony drug offense and, at his guilty plea on January 26, 2009, admitted to committing perjury in several investigations, along with other misconduct under color of law. While the United States of America has no information that former BHPD Officer Collins committed misconduct in the above-captioned case, in the interest of justice, the parties agree that this newly discovered evidence, as it pertains to former Officer Collins' veracity, warrants a new trial. Moreover, if this Honorable Court grants this Joint Motion for New Trial, the United States hereby moves, unopposed, to dismiss the above-captioned case against the Defendant. If both motions are

granted, the Defendant -- who has served 33 months in federal custody, is currently incarcerated at FCI Terre Haute, Indiana, and has a projected release date of February 18, 2014 -- should be released from federal custody as soon as practicable. Moreover, pursuant to Local Criminal Rule 12.5, the parties respectfully request "expedited consideration" of this Joint Motion for New Trial and Unopposed Motion to Dismiss.

In support of both motions, the United States of America, and the Defendant, through his counsel, stipulate and agree to the following:

1. On February 23, 2006, Defendant Jameel McGee was named in a single-count indictment and charged with possession with intent to distribute five grams or more of cocaine base (crack) on February 8, 2006, in Benton Harbor, Michigan, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(iii). *See* Indictment (Record No. 1). The Defendant was released on bond pending trial, which was scheduled to commence on April 24, 2006.

2. On April 24, 2006, trial in the above-captioned case began and concluded. Officer Andrew Collins was one of only two government witnesses who testified in the government's case-in-chief. At the end of the day, the jury returned a "guilty" verdict on the sole count in the Indictment. Jury Verdict (Record No. 39). The Defendant was remanded to the custody of the United States Marshals Service pending sentencing, which was scheduled for August 21, 2006. *See* Minutes of Jury Trial (Record No. 40). The Defendant has remained in custody since April 24, 2006.

3. On August 21, 2006, the Defendant appeared for sentencing. This Honorable Court sentenced Defendant McGee to 108 months in prison, along with other penalties. Judgment (Record No. 51). The Defendant appealed his conviction and sentence, and the Sixth

2

Circuit denied his appeal and affirmed his sentence. *See Jameel McGee v. United States*, CA6 Case No. 06-2158.

        4. On November 26, 2008, former BHPD Officer Andrew Collins was indicted by a grand jury in this district and charged with possession with intent to distribute controlled substances. *See United States v. Andrew Collins*, W.D. Mich. Case No. 1:08-CR-298 [RHB]. During the investigation of former BHPD Officer Collins, federal investigators learned that Collins knowingly included false information in search warrant affidavits and committed other criminal acts under color of law. In a letter to Defendant McGee's counsel, dated December 1, 2008, undersigned government counsel stated:

> While we have no information that Officer Collins made any false statements in the above-referenced case, he has recently admitted to federal investigators that, among other things, he knowingly made false statements in several search warrant affidavits that resulted in both state and federal convictions. This information was certainly unknown to us at the time of Mr. McGee's prosecution, which proceeded in good faith. As a result of this new information, and in the interest of justice, we are contacting defense counsel in all federal cases involving Officer Collins.

On January 26, 2009, former BHPD Officer Collins pled guilty to the felony drug charge contained in the indictment, and he was remanded to the custody of the U.S. Marshals Service pending sentencing on April 28, 2009.

        Consequently, in light of the serious breach of the public's trust by former BHPD Officer Collins and in the interest of justice, the parties jointly contend that, pursuant to Rule 33 of the Federal Rules of Criminal Procedure, the Defendant should be granted a new trial in the above-captioned case based on newly-discovered evidence regarding the credibility of one of the

government's two witnesses -- former Officer Collins. Moreover, if this Honorable Court grants the parties' Joint Motion for New Trial, the United States hereby moves, unopposed, to dismiss the above-captioned case, without prejudice, pursuant to Rule 48 of the Federal Bureau of Criminal Procedure.

**Brief In Support**

Rule 33 of the Federal Rules of Criminal Procedure, entitled "New Trial," states that "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." F.R.Cr.P. 33(a). "Any motion for a new trial grounded on newly discovered evidence must be filed within 3 years after the verdict or finding of guilty." F.R.Cr.P. 33(b)(1).

The newly discovered evidence in this case that warrants a new trial is the recently-obtained information concerning former Officer Collins' credibility. Former Officer Collins obtained state search warrants in several cases based in whole or in part on information he knew was false. In several cases, most of which were prosecuted in Berrien County Criminal Court but some of which were prosecuted in federal court, former Officer Collins swore to the veracity of affidavits containing information he knew was false. This information, along with significant additional information pertaining to former Officer Collins' criminal conduct under color of law, constitutes new evidence warranting a new trial in the interest of justice and must now be disclosed consistent with *Giglio v. United States*, 405 U.S. 150 (1972) and *Brady v. Maryland*, 373 U.S. 83 (1963). Moreover, since Defendant McGee was sentenced in this case on August 21, 2006, this Joint Motion for New Trial is timely, pursuant to Rule 33(b)(1).

Assuming that this Honorable Court is inclined to grant the parties' Joint Motion for New Trial, the United States hereby also moves unopposed for dismissal of the Indictment in this case, without prejudice, pursuant to Rule 48 of the Federal Rules of Criminal Procedure.

Rule 48 provides that the government may seek leave of the Court to dismiss a count or indictment before trial. Once trial commences, however, a defendant must consent to the dismissal. Therefore, if this Honorable Court grants the parties' Joint Motion for New Trial, the United States respectfully requests leave of this Honorable Court to dismiss the Indictment in this case, with prejudice.

Respectfully submitted,

DONALD A. DAVIS
United States Attorney

Date: February 2, 2009

/s/ Brian P. Lennon
BRIAN P. LENNON
Assistant United States Attorney
P.O. Box 208
Grand Rapids, MI 49501-0208
(616) 456-2404

Dated: February 2, 2009

JOHN M. KARAFA, ESQ.
Counsel for Defendant Jameel McGee